OPINION OF THE COURT
Edward W. McCarty III, J.
In this contested discovery proceeding, the petitioner Michele J. Sanger, executor of the estate, and the respondent Signature Bank Corp. (the Bank), have submitted this matter for the court’s determination on an agreed statement of facts pursuant to CPLR 3222.
Background information regarding this estate and the decedent is recited in the court’s decision dated June 30, 2014 (45 Mise 3d 246 [2014]) which granted summary judgment admitting his will dated April 1, 2005 to probate and need not be repeated here.
As to this dispute, in the ordinary course by contract, the terms and conditions applicable and/or agreed upon between a banking institution and its customer in establishing accounts, and by statute, Debtor and Creditor Law § 151, a bank has the right of setoff; that is, to take funds from an account of its customer and set off and apply same to any debt the customer owes the bank. The unusual factual setting and issue presented here is whether the Bank had the right to set off and apply funds belonging to its customer Bower, Sanger & Lawrence, EC., now known as Bower & Lawrence, EC. (the Firm), to reduce and/or satisfy debts owed to the Bank by its other customers, decedent and/or decedent and his widow the petitioner (the Estate).
The relevant facts are as follows:
For several years prior to 2013 both the Estate and the Firm had a banking relationship with the Bank.
By decision and judgment of the Supreme Court of the State of New York, County of New York, dated August 15, 2013, the Estate was awarded a money judgment in the sum of $700,282.94, with interest, against the Firm.
*832 As of October 1, 2013, the total sum of monies held by the Bank in a checking account and a certificate of deposit in the name of the Firm equaled $37,554.54.
The decedent had opened a personal line of credit with the Bank which as of October 1, 2013 had an outstanding balance of $20,944.59 due the Bank.
Decedent and petitioner had a joint checking account with the Bank and as a result of an overdraft there was a sum of $4,892.67 due the Bank as of that date.
The terms and conditions applicable to the joint checking account of Warren and Michele Sanger and the Firm’s account include the following provisions:
“Attorney’s Fees, Losses & Expenses
“You agree to pay all losses, costs and expenses (including, without limitation, attorney’s fees) incurred by the Bank relating to your Bank Deposit Account as a result of (a) your failure to comply with this Agreement, (b) a dispute among the owners, beneficiaries, heirs or others claiming an interest to all or part of this account, (c) any third party claim, notice or legal action whether or not such claim is legally enforceable, (d) any governmental or administrative investigation, or (e) any action taken by the Bank to resolve or comply with such dispute, claim or investigation or to protect the Bank’s interest.
“Liens and Set-Off:
“You give the Bank a continuing lien on any Account or other personal property of yours that is in the possession of either the Bank or any of the Bank’s affiliates, including but not limited to bank deposits and securities. This lien shall be in the amount of any and all liabilities and obligations you may owe to the Bank or any of the Bank’s affiliates whether such liabilities and obligations exist now or are incurred in the future. You agree that the Bank and its affiliates may set-off against your Accounts and may sell your personal property, by public or private sale at it’s [sic] discretion, and use the funds in such Account and the proceeds of such sale of your personal property to satisfy your liabilities or obligations to the Bank and its affiliates whether or not such liability or obligation is then in default or is subject to a contingency.”
*833 The Estate informed the Bank of the judgment it had obtained against the Firm. The Estate neither served the Bank with a restraining notice nor caused a levy by execution to be issued. Rather, the Estate advised the Bank of an agreement reached with the Firm whereby the Firm would direct the Bank to pay the funds in the Firm’s accounts directly to the Estate.
Following the death of decedent, but prior to October of 2013, the Firm sent a letter of authorization to the Bank directing and instructing it to release and forward all funds and monies being held by it in the name of the Firm to the attorneys representing the Estate.
By letter dated October 1, 2013, the Bank informed the Firm that it was in receipt of the amended decision and judgment in the Supreme Court litigation in favor of the Estate but stated that it had “decided to exercise its right of [setoff].”[1]
On or around October 2, 2013, the Bank debited $30,904.15 from the Firm’s accounts, and paid itself those funds to offset: (a) $20,944.59 the decedent owed from his personal line of credit; (b) $4,892.67 for an overdraft on the joint checking account between the decedent and Michele Sanger; and (c) $4,861 for attorney’s fees to which the Bank claims entitlement stemming from the defense of a contempt motion in the Supreme Court litigation. The Estate did not authorize the Bank to take the Firm’s funds which the Firm had instructed to be paid directly to the Estate.
After the Bank credited itself with the $30,904.15 from the Firm’s assets and accounts, the Firm authorized the Bank and the Bank did pay the $6,856.28 balance to the Estate.
Petitioner argues that the Bank had no legal basis to “confiscate” the Firm’s monies (and disregard the Firm’s instructions) to offset the amounts owed to it by the Estate as the funds were the Firm’s, not decedent’s, the extant judgment notwithstanding. The Bank counters that under the language of the terms and conditions above quoted as well as the Debtor and Creditor Law it was entitled to effect the setoffs.
Analysis of this issue must necessarily begin with recognition of the well settled principle that the underlying relationship of a depositor and a bank is that of debtor and creditor which relationship is grounded in contract (Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank, 57 NY2d 439, 444 [1982]).
*834 In the ordinary course of events banks (or any other debtor) can avail themselves of the provisions of Debtor and Creditor Law § 151 to effectuate an offset upon satisfaction of any of the conditions precedent enumerated in the preamble items (a) through (f) of the statute. The Estate argues that none of these preconditions had occurred and that the Bank has not even heretofore alleged otherwise. Conspicuously absent from the Bank’s reply memorandum is any reference to the issue at all.
The court thus concludes, without reaching the other arguments raised by the Estate of the inapplicability of the statute, that by definition the Bank could not and cannot validly rely on the statutory right of offset.
Turning to the contractual terms and conditions as the Bank’s authority for the offset, tracking the intent of the Debtor and Creditor Law (but lacking the conditions precedent and in different verbiage) the provision gives the bank a “lien” over the customer’s accounts coequal to any sums owed or subsequently accruing and owed to the Bank from the customer and gives the Bank the right to set off the amounts owed to the Bank against the accounts.
The Bank argues that because the Estate owed money to the Bank, and the Bank owed money to the Firm (in the form of its deposits), and the Firm owed money to the Estate, the Bank was justified in taking its setoff from the Firm’s funds. However, the funds in the Firm’s accounts remained its property at all relevant times. If the Firm were indebted to the Bank, a setoff would be authorized. The Firm was not a debtor of the Bank, only the Estate was.[2] Thus, there is and was no contractual right to offset.
By reason of the foregoing the court determines that the Estate is entitled to a turn over of the $30,904.15 funds with statutory interest thereon from October 2, 2013 and the Bank is directed to do so within 20 days following service of a copy of this decision and order.

. The parties have stipulated that that amendment is immaterial to this proceeding.

. At the risk of stating the obvious, it must be noted the issue of whether the Estate is liable to the Bank for the claimed balance due on the line of credit, the overdraft or counsel fees is not before the court.